UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JAMES BUCKLEY, on behalf of himself and all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MOLONEY SECURITIES CO., INC.,<br><br>Defendant. | Case No. 23-879<br><br>*Removed from the Circuit Court of Jackson County, Missouri*<br>*Case No. 2316-CV27664* |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Defendant Moloney Securities Co., Inc. hereby removes Case No. 2316-CV27664 from the Circuit Court of Jackson County, Missouri to the United States District Court for the Western District of Missouri, Western Division.

## BACKGROUND

1. On October 18, 2023, Plaintiff James Buckley ("Plaintiff") commenced this civil action with the filing of a Class Action Petition ("Petition") in the Circuit Court of Jackson County, Missouri at Independence, Case No. 2316-CV27664 ("Action"). The attached **Exhibit A** includes a copy of all process, pleadings and orders served on Respondent in the Action.

2. The Action arises from a dispute over Plaintiff's purchase through Defendant of $100,000 worth of L Bonds offered by GWG Holdings, Inc. Plaintiff asserts his claims in four counts against Defendant, which purportedly arise from state law but also FINRA rules and one federal regulation. (Ex. A – Petition ¶¶ 81–105).

3. Plaintiff further seeks to represent a class of investors who likewise purchased GWG L Bonds from Defendant since January 12, 2018 and a subclass of investors whose investments in GWG L Bonds constituted more than 10% of their investable assets. (Ex. A –

Petition, ¶¶ 69-70). The proposed class and proposed subclass are referred to collectively as the "Classes" in Plaintiff's Petition and in this Notice of Removal.

## REMOVAL IS TIMELY

4. A summons and the Petition in the Action were served on Defendant on November 3, 2023. Therefore, this Notice of Removal is filed within the time prescribed by 28 U.S.C. § 1446(b)(1).

## JURISDICTION UNDER SLUSA

5. The Securities Litigation Uniform Standards Act (SLUSA) governs the removal (as well as the dismissal) of a "covered class action" which asserts state law claims that allege misrepresentations or omissions in connection with the purchase or sale of a "covered security."

6. The relevant SLUSA provisions are contained in the Securities Act of 1933 and the Securities Exchange Act of 1934. *See* 15 U.S.C. §§ 77p(b), 78bb(f)(1).

7. Each statute expressly provides that all actions to which SLUSA applies may be removed to federal court. 15 U.S.C. §§ 77p(c), 78bb(f)(2).

8. Under either statute, SLUSA applies when "(1) the action is a 'covered class action' as defined in the Act, (2) the action purports to be based on state law, (3) the action alleges that defendant misrepresented or omitted a material fact (or used or employed a manipulative or deceptive device or contrivance), and (4) the action alleges that the defendant's misrepresentations or omissions of material fact were made "in connection with the purchase or sale of a covered security." *Sofonia v. Principal Life Ins. Co.,* 465 F.3d 873, 876 (8th Cir. 2006) (citing 15 U.S.C. §§ 77p(b)-(c), 78bb(f)(1)-(2)).

9. Each of these elements is satisfied in this case.

a. A "covered class action" under SLUSA includes, among other things, when damages in a single lawsuit are sought on the behalf of more than 50 persons "and questions of law or fact common to those persons . . . without reference to issues of individualized reliance on an alleged misstatement or omission, predominate over any questions affecting only individual persons or member . . . ." 15 U.S.C. §§ 77p(f)(2)(A), 78bb(f)(5)(B). In the Petition, Plaintiff alleges that the Classes "contain thousands of retail investors" and "there are at a minimum thousands of retail investors who fall within the Class definitions." (Ex. A – Petition ¶ 74).

b. As noted above, Plaintiff's Class Action Petition alleges four claims purportedly based on state law. (Ex. A – Petition ¶¶ 81–105).

c. Although Plaintiff avoids using the precise words "misrepresentation," "omission," "manipulation," or "deception" in his Petition, the presence of these concepts (not Plaintiff's terminology) are what controls. Here, Plaintiff alleges Defendant knew about the risks of the L Bonds. (Ex. A – Petition ¶¶ 60-61). Yet Defendant improperly promoted and sold the L Bonds anyway "despite this knowledge." (Ex. A – Petition ¶¶ 66, 84, 100-101). The gravamen of Plaintiff's claims concern alleged misrepresentation, omission, manipulation and/or deception.

d. Plaintiff alleges that Defendant's actions were in connection with the purchase of GWG L Bonds, which is a "covered security." *See* 15 U.S.C. §§ 77p(f)(3), 77r(b)(1), 78bb(f)(5)(E). *See also,* GWG Holdings, Inc. Prospectus (12-1-2017) at p. iv ("Our L Bonds are a 'covered security.'") (further explaining basis), available at https://www.sec.gov/Archives/edgar/data/1522690/000121390017012881/f424b1120117_gwgholdings.htm.

10. For these reasons, the Action is within the removal jurisdiction of this Court under SLUSA.

## JURISDICTION UNDER CAFA

11. In addition or in the alternative to the grounds stated above, the Action is removable pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d) & 1453. "Under CAFA, federal courts have jurisdiction over class actions in which the amount in controversy exceeds $5,000,000 in the aggregate; there is minimal (as opposed to complete) diversity among the parties, *i.e.*, any class member and any defendant are citizens of different states; and there are at least 100 members in the class." *Hargis v. Access Capital Funding, LLC,* 674 F.3d 783, 788 (8th Cir. 2012) (citation and quotation marks omitted); 28 U.S.C. § 1332(d)(2). Each of these requirements is satisfied here.

12. First, the action satisfies CAFA's minimal diversity requirement. This requirement is satisfied where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Defendant Moloney Securities is a citizen of Missouri. (Ex. A – Petition ¶ 2). Although Plaintiff also is a Missouri citizen, Plaintiff seeks to represent a nationwide class with no geographical limits. (Ex. A – Petition ¶¶ 1, 69-70). Defendant was the broker-intermediary for the sale of GWG L Bonds within the relevant timeframe to many retail investors who are citizens of many states other than Missouri. Those retail investors would fall within Plaintiff's proposed classes and, therefore, minimal diversity exists for purposes of CAFA.

13. Second, this Action satisfies CAFA's $5 million amount-in-controversy requirement. Plaintiff alleges that the putative class is comprised of "thousands of retail investors" and "there are at a minimum thousands of retail investors who fall within the Class definitions." (Ex. A – Petition ¶ 74). Plaintiff alone alleges he suffered $100,000 in damages. (Ex. A – Petition ¶ 20). As indicated in GWG's Prospectus (cited above), the minimum investment in GWG L Bonds was 25 units or $25,000. The thousands of class members alleged, each with a

4

minimum investment of $25,000, would have potential claims for damages well in excess of the $5,000,000 requirement. Additionally, Defendant specifically confirms that the unreturned/unredeemed principal value of GWG L Bonds sold through its intermediary to its customers exceeds $5,000,000. The amount-in-controversy requirement thus is satisfied.

14. Third, the putative class is greater than the required 100 persons. Plaintiff alleges that the class is in the "thousands" and, at a minimum, contains a thousand people. (Ex. A – Petition ¶ 74).

15. This Action thus may be removed under CAFA, 28 U.S.C. §§ 1332(d) and 1453.

## ALL OTHER PROCEDURAL REQUIREMENTS ARE SATISFIED

16. No previous Notice of Removal has been filed in or made to this Court for the relief sought herein.

17. Venue for this case lies in the United States District Court for the Western District of Missouri, Western Division, pursuant to 28 U.S.C. § 1441(a), because the Action was filed within this District and Division and the case is being removed from Jackson County, Missouri.

18. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served this day upon Plaintiff and filed with the Court Administrator (Clerk) for the Circuit Court of Jackson County, Missouri. A copy of the notice to the state court administrator/clerk, without exhibits, is attached hereto as **Exhibit B**.

## RESERVATION OF RIGHTS

19. No proceedings have occurred in the Action as of the date of this Notice of Removal. Defendant has not filed an answer to the Petition. In removing this Action, Defendant does not waive, either expressly or impliedly, any right, defense, affirmative defense or motion that may be available to Defendant, including specifically and without limitation the right to

require FINRA arbitration of Plaintiff's claim. Defendant does not concede that Plaintiff is entitled to any of the damages or other relief claimed in the Action, that the Action is able to be maintained as a class action, that Plaintiff is qualified to serve as a representative of any putative class or that this Action may be brought in court as opposed to arbitration.

20. In the event Plaintiff seeks to remand this case or the Court considers remand *sua sponte*, Defendant requests the opportunity to submit such additional argument or evidence in support of removal as may be necessary.

For the reasons stated above, this Action is properly removed to this District Court.

Respectfully Submitted,

**ARMSTRONG TEASDALE LLP**

*/s/ Matthew D. Turner*
Matthew D. Turner          MOBAR 48031
Matthew D. Kitzi           MOBAR 49711
3405 West Truman Boulevard, Suite 210
Jefferson City, Missouri 65109-5713
(573) 636-8394
(573) 636-8457 (facsimile)
mturner@armstrongteasdale.com
mkitzi@armstrongteasdale.com

Skyler D. Davenport        MOBAR 70017
2345 Grand Boulevard, Suite 1500
Kansas City, Missouri 64108
816.221.3420
816.221.0786 (facsimile)
sdavenport@atllp.com

**ATTORNEYS FOR DEFENDANT MOLONEY SECURITIES CO., INC.**

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 1, 2023 a true and accurate copy of the foregoing document was filed electronically with the Court, with notice of the filing generated and sent electronically by the Court's CM/ECF system to all parties entitled to service. Additionally, the foregoing document was served upon the following counsel for Plaintiff via electronic mail and via U.S. mail to:

Matthew L. Dameron
Williams Dirks Dameron LLC
1100 Main Street, Suite 2600
Kansas City, Missouri 64105
   matt@williamsdirks.com28

Jared A Rose
The Law Office of Jared A. Rose
919 West 47th Street
Kansas City, Missouri 4112
   jared@roselawkc.com

*/s/ Matthew D. Turner*
Matthew D. Turner